FILED
At Albuquerque NM
FEB 25 2016
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case: 1:15-cr-533-JB |
| MARCOS MARTINEZ, | ) ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico and the Defendant, MARCOS MARTINEZ, with the advice and counsel of his attorney, Stephen D. Aarons.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to an indictment of a grand jury on any felony charges;

   b. to plead not guilty, or having already so pleaded, to persist in that plea;

   c. to have a trial by jury; and

  d. at a trial:

    1) to confront and cross-examine adverse witnesses,

    2) to be protected from compelled self-incrimination,

    3) to testify and present evidence on the Defendant's own behalf, and

    4) to compel the attendance of witnesses for the defense.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 1, 2, 3, and 4 of an information. More specifically, the Defendant will plead guilty to the following felony charges:

 Count 1 — conspiracy to distribute cocaine, cocaine base and heroin in violation of 21 U.S.C. § 846;

 Count 2 — possession with intent to distribute 280 grams and more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

 Count 3 — possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

 Count 4 — possession of firearms after previously being convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## SENTENCING

4. The Defendant understands that the minimum and maximum penalties provided by law[1] for these offense are:

Counts 1 & 3 –

a. imprisonment for a period of not more than 20 years;

b. a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to a victim;

c. a term of supervised release of not less than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d. a mandatory special penalty assessment of $100.00; and

e. restitution as may be ordered by the Court.

Count 2 –

a. imprisonment for a period of not less than 10 years and not more than life;

b. a fine not to exceed the greater of $10,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to a victim;

---

[1] The United States has elected not to file an information under 21 U.S.C. § 851 to establish defendant's prior convictions. If the United States had filed such an information prior to defendant's entry of pleas of guilty, the statutorily authorized punishments (including the statutory minimum and maximum terms of imprisonment) could have been significantly increased.

  c. a term of supervised release of not less than 5 years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d. a mandatory special penalty assessment of $100.00; and restitution as may be ordered by the Court.

Count 4 –

  a. imprisonment for a period of not more than 10 years;

  b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to a victim;

  c. a term of supervised release of 3 years to follow any term of imprisonment (note: if the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## DEFENDANT'S ADMISSION OF FACTS

6. By the Defendant's signature on this plea agreement, Defendant is acknowledging that he is pleading guilty because he is, in fact, guilty of the offenses to which he is pleading guilty. The Defendant admits and accepts responsibility for that criminal conduct. Moreover, in pleading guilty, the Defendant acknowledges that if he chose to go to trial instead of entering a guilty plea, the United States could prove facts sufficient to establish his guilt of the offense to which he is pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties.

7. The Defendant specifically admits the following facts related to the charged offense and declares under penalty of perjury that all of these facts are true and correct:

   a. Beginning not later than December 2014, I, MARCOS MARTINEZ, combined and conspired with others to distribute heroin, cocaine and cocaine base (or "crack") in and around Santa Fe, New Mexico. My participation in that conspiracy ended upon my arrest on January 23, 2015.

   b. As part of the conspiracy, I, MARCOS MARTINEZ, obtained heroin, cocaine and cocaine base from suppliers in New Mexico. I distributed a portion of those drugs through an automobile repair business in Santa Fe known as "One Time Paint and Body." I would deliver heroin, cocaine and cocaine base to co-conspirators at that location on a daily basis. As part of the conspiracy, co-conspirators who would distribute and sell those drugs to other persons.

   c. On January 23, 2015, law enforcement agents searched One Time Paint and Body and seized packages of heroin and cocaine base that I, MARCOS MARTINEZ, had previously delivered to a co-conspirator at that location to be sold to others.

    d.    I, MARCOS MARTINEZ, kept most of the illegal drugs in my possession at locations other than One Time Paint and Body, and would bring drugs to that business as needed for re-sale to others.  On the morning of January 23, 2015, I transported a small bag containing cocaine base from a shed at a residential property in Santa Fe, New Mexico, to One Time Paint and Body intending to deliver it to a co-conspirator for further distribution.  Law enforcement agents found and seized that bag of cocaine base from my truck after I arrived at One Time Paint and Body.  Subsequent laboratory analyses established that that bag contained approximately 13 grams of cocaine base.  Law enforcement officers also seized plastic bags containing cocaine and cocaine base which I had placed in that shed.  Subsequent laboratory analysis established that those bags contained 453 grams of cocaine hydrochloride and 435 grams of cocaine base.

    e.    I, MARCOS MARTINEZ, also kept two firearms at my residence in Santa Fe, New Mexico.  More specifically, on January 23, 2015, I possessed: a Ruger, model LC9, 9mm semi-automatic pistol, serial number 320-632-15; and a Berretta, model Tomcat, .32 caliber semi-automatic pistol, serial number DAA185865.  At that time, I was prohibited from possessing firearms because I had previously been convicted of felony offenses.  Law enforcement agents found and seized both of those firearms on January 23, 2015.  I have been informed and admit that each of those firearms was manufactured outside of New Mexico, and each firearm traveled in interstate commerce before it came into my possession.

8.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty.  The Defendant agrees that

the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant offer the following recommendations regarding the calculation of the Defendant's Offense Level under the advisory Sentencing Guidelines.

   a. Although the parties have not entered into any stipulations regarding the Defendant's Criminal History, the parties understand that the Defendant has at least two prior felony convictions for controlled substance offenses. The parties therefore understand that the Defendant is a Career Offender under Sentencing Guidelines § 4B1.1. Defendant's Base Offense Level under § 4B1.1 is Level 37[2] and his Criminal History Category is VI.

   b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Provided that the Defendant continues to accept

---

[2] Under § 4B1.1, the defendant's Offense Level is the greater of the Offense Level prescribed in that section or the offense level otherwise applicable. In calculating the otherwise applicable Offense Level, the parties agree that the offenses charged in Counts 1, 2 and 3 should be grouped together under § 3D1.1 of the Sentencing Guidelines. For the limited purposes of this plea agreement, the parties agree that the Defendant's grouped offenses involved: at least 280 grams, but less than 840 grams, of cocaine base; at least 400 grams, but less than 500 grams, of cocaine; and at least 80 grams, but less than 100 grams, of heroin. In accordance with the Sentencing Guidelines' Drug Equivalency Tables, the parties also agree and stipulate that the Base Offense Level for Defendant's Grouped Offenses is Level 30 under USSG § 2D1.1(c)(6). The firearms offense charged in Count 4 does not add to the Offense Level when grouping or combining the several offenses, and for purposes of this Plea Agreement the parties agree that the firearms were not found in the proximity of any drugs and will not seek an enhancement under § 2D1.1(b)(1). The "otherwise applicable" Offense Level would therefore be computed as follows:

- Base Offense Level – § 2D1.1 ............................................................... 30
- Specific Offense Characteristic - § 2D1.1(b)(15)(E) (pattern of criminal conduct engaged in as a livelihood) ............................................................... + 2
- Aggravating Role - § 3B1.1 ............................................................... + 2
- Adjusted Offense Level ............................................................... 34

responsibility, the Defendant will be entitled to a reduction of 2 levels from the base offense level as calculated under the sentencing guidelines pursuant to USSG § 3E1.1(a). If the defendant fulfills his promises and responsibilities under this plea agreement and timely enters his guilty plea, the United States will move for an additional 1-Level reduction pursuant to USSG § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

c. The parties are each free to present evidence and make recommendations regarding an appropriate sentence within the statutorily authorized sentencing range in light of the Sentencing Guidelines and 18 U.S.C. § 3553(a).

d. The Defendant understands that the parties' recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

## FORFEITURE

14. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    (a) a Ruger, model LC9, 9mm semi-automatic pistol, serial number 320-632-15; and

    (b) a Berretta, model Tomcat, .32 caliber semi-automatic pistol, serial number DAA185865.

15. The Defendant also agrees to the administrative forfeiture of whatever interest the Defendant may have in any asset derived from or used in the commission of the offenses in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

16. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

17. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

18. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.

The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

19.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law.  In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

20.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that it will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information, *and will dismiss the pending indictment.* [handwritten initials: TSV, CA]

21.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

22.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).  There have been no promises from anyone as to what sentence the Court will impose.  The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

23.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

24.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $400 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

25.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.  This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 25th day of February 2016.

                                             Damon P. Martinez
                                             United States Attorney

                                             Timothy S. Vasquez
                                             Assistant United States Attorney
                                             Post Office Box 607
                                             Albuquerque, New Mexico   87102
                                             (505) 346-7274

This agreement has been read to me in a language I understand. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

                                             MARCOS MARTINEZ
                                             Defendant

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

                                             Stephen D. Aarons
                                             Attorney for the Defendant